IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL R. CHUBB and
DAVID W. THAYER,

                    Plaintiffs,

vs.                                        Case No. 22-3086-SAC

LAURA HOWARD, LESIA DIPMAN,
JEFF BROWN, KERI APPLEQUIST,
HALEIGH BENNETT and
LINDA KIDD,

                    Defendants.

## O R D E R

     This case is now before the court for the purpose of screening
an amended complaint signed by David W. Thayer, who is proceeding
as a plaintiff pro se.  Doc. No. 10.  The amended complaint also
shows Michael R. Chubb as a plaintiff, although he did not sign
the amended complaint and is not referred to in the body of the
amended complaint.  Mr. Thayer has been granted leave to proceed
in forma pauperis.  Mr. Chubb has not requested or been granted
leave to proceed in forma pauperis.

## I. The amended complaint at Doc. No. 10

     The amended complaint alleges violations of his
constitutional rights, federal statutory rights, and Kansas law in
relation to his commitment to the Sexual Predator Treatment Program
in Larned, Kansas.  Plaintiff proceeds under 42 U.S.C. § 1983, the

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), and Kansas statutory law.

The amended complaint lists the following persons as defendants: Laura Howard, Secretary of the Kansas Department for Aging and Disability Services; Lesia Dipman, Larned State Hospital (LSH) Superintendent; Jeff Brown LSH Chaplain; Keri Applequist, Assistant Clinical Director for the Sexual Predator Treatment Program (SPTP); Haleigh Bennett, SPTP Interim Program Director and Program Manager; and Linda Kidd, SPTP Program Leader. The court has previously told plaintiff that the persons he intends to name as defendants should be listed in the caption of the complaint. The above-named persons are listed in the caption of the amended complaint. The body of the amended complaint also refers to someone named "Fisher" as a defendant and to "Tonya Taylor" as a defendant. Because they are not listed in the caption as defendants, the court shall not consider them as defendants.[1]

II. <u>Screening standards</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court shall dismiss a claim brought under the in forma pauperis statute, if it fails to describe a claim on which relief may be granted. A court liberally construes a <u>pro se</u> complaint and applies "less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v.</u>

---

[1] Plaintiff states on p.1 of the amended complaint that he has amended the complaint to properly list all named defendants in the caption.

2

Pardus, 551 U.S. 89, 94 (2007).  A pro se litigant, however, is
not relieved from following the same rules of procedure as any
other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.
1992).  Conclusory allegations without supporting facts "are
insufficient to state a claim upon which relief can be based."
Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court
"will not supply additional factual allegations to round out a
plaintiff's complaint or construct a legal theory on plaintiff's
behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.
1997).

When deciding whether plaintiff's complaint "fails to state
a claim upon which relief may be granted," the court must determine
whether the complaint contains "sufficient factual matter,
accepted as true, to 'state a claim for relief that is plausible
on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court
accepts the plaintiff's well-pled factual allegations as true and
views them in the light most favorable to the plaintiff.[2] United
States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court,
however, is not required to accept legal conclusions alleged in
the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels
and conclusions' and 'a formulaic recitation of the elements of a

---

[2] The court may also consider exhibits attached to a complaint.

3

cause of action' will not suffice" to state a claim.  <u>Khalik v.
United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting
<u>Twombly</u>, 550 U.S. at 555).

"The elements necessary to establish a § 1983 ... violation
will vary with the constitutional provision at issue." <u>Pahls v.
Thomas</u>, 718 F.3d 1210, 1225 (10th Cir. 2013) (quotation omitted).
Liability also depends upon on an individual defendant's personal
involvement in the constitutional violation.  <u>Id.</u>  "[I]t is
particularly important that a complaint provide sufficient notice
to individual government actors to allow them to prepare a
defense."  <u>Glaser v. City and County of Denver, Colo.</u>, 557
Fed.Appx. 689, 702 (10th Cir. 2014).  As the Tenth Circuit has
instructed:

> Because § 1983 ... [is a] vehicle[ ] for imposing
> personal liability on government officials, we have
> stressed the need for careful attention to particulars,
> especially in lawsuits involving multiple defendants. It
> is particularly important that plaintiffs make clear
> exactly who is alleged to have done what to whom, ... as
> distinguished from collective allegations. When various
> officials have taken different actions with respect to
> a plaintiff, the plaintiff's facile, passive-voice
> showing that his rights "were violated" will not
> suffice. Likewise insufficient is a plaintiff's more
> active-voice yet undifferentiated contention that
> "defendants" infringed his rights. . . .
>
> [This] applies with full force when a plaintiff
> proceeds under a theory of supervisory liability. . . .
> A plaintiff must . . . identify the specific policies
> over which particular defendants possessed
> responsibility and that led to the alleged
> constitutional violation.

_Pahls_, 718 F.3d at 1225–26 (citation, quotation, and alteration omitted).

III. <u>Screening</u>

    A. <u>Michael Chubb shall be dismissed without prejudice.</u>

    Contrary to Fed.R.Civ.P. 11(a), Michael Chubb has not signed the amended complaint as a party plaintiff.  The body of the amended complaint does not refer to Mr. Chubb and so it fails to state a claim for relief as to him.  Plaintiff Thayer has not been granted leave to add Mr. Chubb as a party.  Nor has Mr. Chubb been granted leave to proceed in forma pauperis in this case.  For all of these reasons, he shall be dismissed without prejudice as a party to this lawsuit.

    B. <u>Keri Applequist shall be dismissed without prejudice.</u>

    The amended complaint does not specifically refer to an action or a failure to act by defendant Applequist.  The amended complaint only states that Applequist is an Assistant Clinical Director for the SPTP and that she "is responsible for facilitating Plaintiff's care and treatment and stands accused of conspiring with Defendants Bennett, Kidd, and Fisher to unlawfully restrict Plaintiff's religious rights."  Doc. No. 10, p. 2.  These allegations fail to give notice of what Applequist did or failed to do to violate the law.  As mentioned above in the excerpt from the _Pahls_ opinion, a general or collective reference to "defendants" will not work to

state a claim for relief.  Therefore, the court shall dismiss the claims against Applequist without prejudice.[3]

C. The RLUIPA claims against defendants in their individual capacities shall be dismissed.

The Tenth Circuit has held that there is no cause of action under RLUIPA for individual capacity claims.  Stewart v. Beach, 701 F.3d 1322, 1334-35 (10th Cir. 2012).  Therefore, the court shall dismiss any RLUIPA claims against defendants in their individual capacities.

IV. Conclusion

In summary, the court directs that Michael R. Chubb be dismissed as a plaintiff without prejudice.  The court further directs that the claims against Keri Applequist be dismissed without prejudice and that any RLUIPA claims against defendants in their individual capacities be dismissed.  Finally, the court orders that the Clerk of the Court undertake service of process pursuant to Fed.R.Civ.P. 4(c)(3).

**IT IS SO ORDERED.**

Dated this 22nd day of August 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge

---

[3] In Doc. No. 7, p.2 n.1, the court instructed plaintiff that he must describe how each defendant personally acted to violate plaintiff's rights in the body of the complaint.