# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL R. CHUBB and )
DAVID W. THAYER, )
                                                       )
       Plaintiffs, )
                                                      )
v. ) Case. No. 22-3086
                                                      )
LAURA HOWARD, LESIA DIPMAN, )
JEFF BROWN, KERI APPLEQUIST, )
HALEIGH BENNETT and )
LINDA KIDD, )
                                                      )
      Defendants. )
                                                      )

## JOINT ANSWER TO AMENDED COMPLAINT

Defendants Laura Howard, Lesia Dipman, Jeff Brown, Haleigh Bennett, and Linda Kidd ("Defendants") state for their answer to the Amended Complaint (Doc. 10):

*First Defense*

1. Answering ¶¶ 1-6 under the heading "The Defendants": It is denied that Plaintiff's religious exercise was unconstitutionally or otherwise illegally restricted; it is denied that a conspiracy existed to deny Plaintiffs' rights; and:

    a. Laura Howard is the Secretary of the Kansas Department for Aging and Disability Services, but she is and was not directly responsible for Plaintiff David W. Thayer's ("Thayer") care and treatment in the

    Sexual Predator Treatment Program ("SPTP") at Larned State Hospital ("LSH");

  b. The allegations contained in ¶ 2 are admitted;

  c. Jeff Brown is the Chaplain for LSH and that his duties include facilitating Thayer's religious rights;

  d. Keri Applequist was dismissed;

  c. Haleigh Bennett was the SPTP Program Manager until February 2022, whose duties included managing the day-to-day operations of the SPTP; and.

  d. Linda Kidd is the SPTP Program Leader.

2. The allegations in ¶¶ 1, 5, 7 & 26[1] do not require responsive pleading because Plaintiff has only attempted to state legal conclusions.

3. Answering the second ¶¶ 2-3, it is admitted that Plaintiff brings this action, but it is denied that Plaintiff possesses standing to assert the rights of other SPTP residents and denied that the lawsuit meets the requirements for a class action. It is also denied that Plaintiff is entitled to relief under 42 U.S.C. § 1983, the RLUIPA and/or Kansas Statutes.

4. The allegations contained in ¶¶ 4, 20, 24, 29-32, 37-39 & 41-44 are denied.

---

[1] This paragraph and the following paragraphs are under the heading "Factual Allegations" in the Amended Complaint.

2

5.      Answering ¶ 6, LSH Policy P9-06 addresses religious guidelines for the facility. The policy does not address LSH/SPTP's authority to restrict religious practices, was not accurately quoted in the Amended Complaint and was not attached to the Amended Complaint.

6.      Answering ¶ 8, it is admitted that a posted "memo" of March 2020 addressed suspension of all religious callout activities, including religious group meals. The memo's directive was not implemented specifically by Bennett, Dipman or Kidd. Multiple memos were posted after March 2020 that eased and tightened these restrictions as appropriate to the circumstances, but again not specifically at the direction of Bennett, Dipman or Kidd. Defendants lack knowledge or information sufficient to form a belief about the allegations in the fourth sentence in ¶ 8. The remaining allegations in the paragraph are denied.

7.      Answering ¶ 9, Defendants lack knowledge or information sufficient to form a belief about the allegations in the first, fourth, and fifth sentences and the allegations in the second and third sentences are denied.

8.      Answering ¶ 10, it is denied that Brown is charged with providing for and protecting residents' religious rights. Defendants lack knowledge or information sufficient to form a belief about the allegations in the rest of the paragraph.

9.      Defendants lack knowledge or information sufficient to form a belief about the allegations in the following paragraphs: ¶¶ 11, 14-15, 22, 34-36.

10. Answering ¶ 12, it is admitted that three Native American religious "callouts" are recognized at the SPTP and that Thayer is part of the independent Native American callout. Defendants lack knowledge or information sufficient to form a belief about the allegations in the rest of the paragraph.

11. The allegations in the first sentence of ¶ 13 are admitted, but the second sentence is denied.

12. Answering ¶ 16, it is admitted that "liquid smudge" was and is allowed, but it is denied that this paragraph accurately represents SPTP or Defendants' position.

13. Defendants lack knowledge or information sufficient to form a belief about the allegations in the first and second sentences of ¶ 17. However, balance of ¶ 17 is denied.

14. Defendants lack knowledge or information sufficient to form a belief about the allegations in the last sentence of ¶ 18, but the allegations in the rest of the paragraph are denied.

15. Answering ¶ 19, the first and fifth sentences are denied and Defendants lack knowledge or information sufficient to form a belief about the allegations in the rest of the paragraph.

16. Answering ¶ 21, it is admitted that SPTP residents are permitted to buy and use personal prayer pipes and that religious callouts were occasionally cancelled or restricted, as appropriate, after c. June 2021. The rest of the allegations in the paragraph are denied.

17. Defendants lack knowledge or information sufficient to form a belief about the allegations in the first two sentences of ¶ 23. However, it is admitted that all religious ceremonies are currently limited to meeting for one hour per week (including ceremonies for the Native American religious), and that presently group ceremonies for such things as "passings" and holidays are not permitted.

18. Answering ¶ 25, it is admitted that religious "callouts" were limited to 30 minutes a week in late 2021, but the rest of the allegations in the first two sentences are denied. The allegations in the last sentence do not apply to Defendants so that no responsive pleading is required.

19. It is admitted that all religious callouts were suspended following a resident's escape, which occurred in late June of 2021, as alleged in ¶ 27. But Defendants lack knowledge or information sufficient to form a belief about the other allegations in this paragraph.

20. Answering ¶ 28, it is admitted that all religious callouts were suspended the weekend of July 3-4, 2021, denied that Defendants allowed other activities to resume as normal as alleged. Defendants lack knowledge or information sufficient to form a belief about the rest of the allegations in ¶ 28.

21. Answering ¶ 33, the sweat lodge ceremony has not been allowed since March of 2020, but not solely because of COVID-19 issues. Defendants lack knowledge or information sufficient to form a belief about the other allegations in the remainder of ¶ 33.

22. Defendants lack knowledge or information sufficient to form a belief about the allegations in the first sentence of ¶ 40, but the remainder of the allegations in the paragraph are denied.

23. Unless expressly admitted in this pleading, all allegations in the Amended Complaint are denied.

### *Second Defense*

24. Plaintiff has failed to state a claim upon which relief can be granted in whole or in part.

### *Third Defense*

25. The Court lacks subject matter jurisdiction in whole or in part. Including but not limited to, Plaintiff may not assert claims for other persons; Some of Plaintiff's claims are moot; He has failed to exhaust administrative remedies regarding his State law claims; and the Eleventh Amendment bars his claim for monetary recovery to be paid by the "representative agency."

### *Fourth Defense*

26 Plaintiff's exercise of religion was not and is not substantially burdened; but any burden did not occur from any Defendant's discriminatory purpose and, instead, arose from legitimate penological interests and/or compelling interests in maintaining order and inmate and staff safety.

*Fifth Defense*

27. The applicable statute of limitations bars some or all of Plaintiff's claims.

*Sixth Defense*

28. Plaintiff is not entitled to monetary relief from Defendant Howard under the doctrine of Eleventh Amendment immunity.

*Seventh Defense*

29. Qualified immunity or good faith immunity bars Plaintiff's individual capacity claims against the Defendants.

*Eighth Defense*

30. Kansas Tort Claims Act governmental immunity applies to bar Plaintiff's state law claims.

*Ninth Defense*

31. Alternatively, the plaintiff's damages are not of the nature and extent alleged.

Respectfully submitted,

OFFICE OF KANSAS ATTORNEY
GENERAL DEREK SCHMIDT

/s/ Arthur S. Chalmers
Arthur S. Chalmers, KS No. 11088
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: (785) 368-6244
FAX: (785) 291-3767
Email: art.chalmers@ag.ks.gov

and

Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: (785) 296-2215
FAX: (785) 291-3767
Email: matt.shoger@ag.ks.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2022, the foregoing document was electronically filed with the clerk of the court using the CM/ECF system, with a copy served by means of first-class mail, postage prepaid, addressed to:

David W. Thayer
Larned State Hospital
Dillon Building East One
1301 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

/s/ Arthur S. Chalmers