# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID THAYER,                )
                             )
                 Plaintiff,  )
                             )
        vs.                  )        Case No. 22-3086-DDC-KGG
                             )
LAURA HOWARD, *et al.*,      )
                             )
                 Defendants. )
_____)

## MEMORANDUM & ORDER DENYING
## <u>MOTION FOR APPOINTMENT OF COUNSEL</u>

Now before the Court is *pro se* Plaintiff's motion for appointment of counsel.  (Doc. 29.)  Defendants have responded in opposition to the motion.  Plaintiff did not file a reply.  After review of the parties' submissions, the Court **DENIES** Plaintiff's motion for the reasons set forth herein.

## I.    BACKGROUND.

Plaintiff David Thayer is involuntarily committed to the sexual predator treatment program ("SPTP") at Larned State Hospital ("Larned") in Larned, Kansas.  He filed his federal court Complaint filed on April 28, 2022, alleging violations by Defendants of statutory and constitutional rights to practice religion.  (Doc. 1.)  Plaintiff brings this case "on behalf of and for himself as well as all

residents in SPTP who believe in and practice the Native American path who are members of the Grey and Red Wolf Call-Out and to include the independents, here in the [SPTP] as any decision for or against petitioner will ultimately affect these residents as well."  (Doc. 10, at 2.)

In conjunction with his Complaint, Plaintiff filed an Application to Proceed Without Prepayment of Fees (Doc. 3), which was granted by the Court on May 20, 2022 (Doc. 4).  In the Order granting that motion, the District Court instructed Plaintiff to either file an amended complaint or to clarify which persons he is intending to sue in the original complaint.  (*Id*., at 2.)  Plaintiff did so on June 15, 2022 (Doc. 6) and followed that with a Second Amended Complaint (Doc. 10) after further instruction from the District Court (Doc. 7).

Plaintiff now files a motion for appointment of counsel.  (Doc. 29.)  Therein, Plaintiff contends he is "illiterate and does not understand anything about litigation or navigating the complexities of court proceedings … ."  (*Id*., at 1.)  As such, Plaintiff states that he "recruited" fellow inmate Michael Chubb to assist him during a telephone conference with defense counsel "so [Plaintiff] could better understand what [defense counsel] was asking of him."  (*Id*.)  Plaintiff continues that defense counsel "refused to speak with Plaintiff" in the presence of Chubb and that defense counsel "accused Mr. Chubb of 'practicing law' without a license."

(*Id*.)  Plaintiff asserts that Chubb "was just there to interpret legal jargon for [Plaintiff] and advise him of the legal process."  (*Id*.)

Defendants oppose Plaintiff's request for counsel, largely arguing that they "seek a prompt review" of their legal defenses, including qualified immunity. (Doc. 31, at 1.)  That stated, the Court notes that no motion to dismiss is on file. Defendants argue that "[s]election and addition of counsel [for Plaintiff] at this time will unnecessarily delay matters" (*id*.), seemingly arguing that a quick resolution of this case is more important than a just resolution.

## II.   ANALYSIS.

### A.   The Use of "Jailhouse Lawyers."

Plaintiff's initial concern is that defense counsel has refused to allow Plaintiff to rely on assistance from his fellow Larned patient Michael Chubb, who has attempted to serve as "jailhouse counsel" for Plaintiff during interaction with defense counsel.  Based on the arguments contained in Defendants' brief in opposition, Defendants appear to have abandoned such concerns, instead arguing that appointment of counsel is unnecessary because "if Plaintiff is receiving non-professional assistance, the assistance is more than adequate for Plaintiff to present his claims at this time." (Doc. 31, at 3.)

To the extent Defendants continue to have such concerns, Plaintiff contends that he has a right to assistance from a fellow patient.  Plaintiff relies on the United

States Supreme Court decision of *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).[1]  Therein, the United States Supreme Court did not specifically address the situation currently facing the Court – whether opposing counsel could refuse to interact with, or in the presence of, a non-party inmate who was providing legal assistance to a party inmate.  Rather, the *Avery* Court addressed whether *the facility* could absolutely bar inmates from providing legal assistance to their fellow inmates, ostensibly acting as "jailhouse lawyers."  *Id.*, 393 U.S. at 490.

The *Avery* Court held that a prison may place reasonable restrictions on jailhouse lawyering but may not prevent an inmate from receiving assistance from other inmates in preparing petitions for post-conviction relief unless it provides reasonable alternatives to assist them.  The Supreme Court has also held that "[p]rison officials enjoy a legitimate penological interest in restricting communications between inmates, even when the ostensible purpose is to obtain advice from jailhouse lawyers."  *Center v. Lampert*, 726 Fed.Appx. 672, 675 (10th Cir. 2018) (citing *Shaw v. Murphy*, 532 U.S. 223, 231, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001) and *Avery*, 393 U.S. at 489-90.)

---

[1]  The Court finds the situation herein – Plaintiff being involuntarily committed to a sexual predator treatment program in a state mental hospital – sufficiently analogous to cases in which the party plaintiff is a penological prisoner.

Nothing in these opinions, however, confer on defense counsel the right or ability to refuse to interact with a party prisoner (or in this case, party patient) in the presence of a jailhouse lawyer absent a legitimate policy from the institution. Defendants do not argue that there is any such legitimate policy or reason. (*See generally* Doc. 31.)  On the other hand, Plaintiff specifically asserts that Larned "does not prohibit legal assistance from other residents … ."  (Doc. 29, at 2.) Defendants do not refute this statement.

In the absence of Larned State Hospital setting forth a legitimate penological interest in restricting Plaintiff's interaction with Chubb, the Court finds that Plaintiff has the right to seek assistance from his fellow patients at Larned State Hospital, including Michael Chubb.  The Court also finds that <u>defense counsel cannot refuse to interact or speak with Plaintiff in the presence of any individual providing such assistance</u>, including Chubb.  <u>Mr. Chubb may not, however, speak or argue on behalf of Plaintiff</u>, either during interactions with defense counsel or during court proceedings.  Rather, Plaintiff may only confer with Mr. Chubb or another individual providing assistance.

The Court cautions Plaintiff, however, that while Mr. Chubb may be referred to as a "jailhouse lawyer," he is not in fact serving as Plaintiff's legal counsel.  As such, the attorney/client privilege does not attach to any discussions Plaintiff may

have had or may have in the future with Mr. Chubb or other inmates providing

similar assistance.

### B.      Appointment of Counsel.

Plaintiff's motion seeks appointment of counsel because "the State refuses to

allow the Plaintiff assistance from 'jailhouse lawyers' … ."  (Doc. 29, at 2.)  As

discussed in the preceding section, however, the Court has found that defense

counsel does not have the right to refuse to interact with Plaintiff while Plaintiff is

receiving assistance from Mr. Chubb or another fellow in-patient helping him in

this manner.  That stated, given the legal importance of the Constitutional issues

contained in Plaintiff's *pro se* Complaint, the Court will substantively address

Plaintiff's request for appointment of counsel.

To begin, the Court notes that there is no Constitutional right to the

appointment of legal counsel in civil cases such as this one.  ***Beaudry v.***

***Corrections Corp. of America***, 331 F.3d 1164, 1169 (10th Cir. 2003).  "[A] district

court has discretion to request counsel to represent an indigent party in a civil

case" pursuant to 28 U.S.C. § 1915(e)(1).  ***Commodity Futures Trading Comm'n***

***v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to

appoint counsel "is left to the sound discretion of the district court."  ***Lyons v.***

***Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

6

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

The first factor, financial ability to afford counsel, weighs in Plaintiff's favor as he is involuntarily committed to the sexual predator treatment program at Larned State Hospital.  Defendants concede this factor.  (Doc. 31, at 2-3.)

The second factor relates to the Plaintiff's diligence in searching for counsel.  Plaintiff did not used the form motion for appointment of counsel provided by this District, which states that he must "confer with (not merely contact) at least five attorneys regarding legal representation."  Plaintiff's motion makes no mention as to whether he actually conferred with any attorneys.  Defendants argue that this

alone may "disqualify" Plaintiff's motion.  (Doc. 31, at 3.)  The Court agrees that

Plaintiff must demonstrate failed efforts to find counsel on his own as a

prerequisite to requesting the appointment of counsel.

The next factor is the viability of Plaintiff's claims in federal court.  *See*

***McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421.

Plaintiff alleges violations of his Constitutional and statutory rights to practice his

religion as a Native American.  (*See generally* Doc. 10.)  Plaintiff contends that

these rights "are being and have been violated and denied to him and his fellow

Native residents" contrary to Kansas statute, the First Amendment, and the

Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, *et seq*.

(*Id*., at 3.)  Plaintiff further contends there "has been a repeated and continuing

deliberate indifference" by Defendants "to religion and religious rights, beliefs and

practices."  (*Id*.)

The viability of Plaintiff's claims in federal court ultimately will be

determined by the District Court.  For purposes of this motion, however, the

undersigned Magistrate Judge has reviewed Plaintiff's Second Amended

Complaint (Doc. 10) and concludes that he may have a colorable claim.  This

factor thus weighs in Plaintiff's favor.

The final factor is Plaintiff's capacity to prepare and present the case without

the aid of counsel.  ***Castner***, 979 F.2d at 1420-21.  In considering this factor, the

Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.,* at 1422.

Defendants argue that "[t]he elements of a Section 1983 First Amendment Free Exercise claim and the burdens placed on Plaintiff to rebut the qualified immunity defense" and the elements of a claim under the RLUIPA "are settled and straight forward."  (Doc. 31, at (citing ***Chubb v. Keck***, No. 17-3220-SAC, 2020 WL 5653263 (D. Kan. Sept. 23, 2020) and ***Robertson v. McCullough***, 739 F. App'x 932, 936 (10th Cir. 2018).)  The Court notes that while both of these cases cited by Defendants involved *pro se* plaintiffs, the decisions did not address a request for appointment of counsel by those plaintiffs.  Further, this Court has previously found that § 1983 claims are often complex.  *See, e.g.*, ***Lee v. City of Topeka***, No. 10-4126-CM, 2011 WL 720191, at *2 (D. Kan. Feb. 22, 2011).  That stated, the Court finds that the factual and legal issues set forth by Plaintiff in the present case do not have a level of complexity that, by itself, would justify the appointment of counsel.

Defendants continue that there is "no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day."  (Doc. 31, at 5.)  As an initial matter, Plaintiff is involuntarily committed to a mental hospital, potentially indicating a level of mental impairment.  The Court notes, however,

that residents of Larned have a history of representing themselves *pro se* in this District, including Mr. Chubb.  *See e.g.* ***Chubb v. Keck***, No. 17-3220-SAC, 2020 WL 5653263 (D. Kan. Sept. 23, 2020); ***Sawyer v. Howard***, No. 19-3171-SAC, 2019 WL 6217910 (D. Kan. Nov. 21, 2019); ***Chubb v. Brownback***, No. 14-3227-DDC-DJW, 2016 WL 5410615 (D. Kan. Sept. 28, 2016).

Next, Plaintiff has specifically asserted that he is illiterate.  (Doc. 29, at 1.) Defendants argue that "[t]his cannot be squared with [Plaintiff's] pleadings, the grievances that he has filed or his request to purchase property."  (Doc. 31, at 3.) Defendant has attached numerous hand-written and other pleadings and forms previously filed by or on behalf of Plaintiff.  (*Id*., at 7-25.)  Defendant has not, however, established Plaintiff was the individual who filled out the forms and drafted his pleadings herein or if someone did so on his behalf.

That stated, the Court finds that Plaintiff – whether on his own or with the assistance of others – has been adequately representing himself in this litigation. Plaintiff has not distinguished himself from the various other *pro se* parties representing themselves in federal courts throughout the United States at any given time.  Although Defendant is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  Because the Court has determined that Plaintiff is allowed to have the assistance of Mr. Chubb and/or other fellow patient(s), the appointment

10

of an attorney is unnecessary.  As such, Plaintiff's Motion to Appoint Counsel

(Doc. 29) is **DENIED**.


      **IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 21st day of November, 2022.


                  /S KENNETH G. GALE
                  KENNETH G. GALE
                  United States Magistrate Judge