UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID W. THAYER,

    Plaintiff,

v.

LAURA HOWARD, *ET AL.*,

    Defendants.

Case No. 22-3086-DDC-KGG

## **SCHEDULING ORDER**

On January 12, 2022, U.S. Magistrate Judge Kenneth Gale conducted a scheduling conference in accordance with Fed.R.Civ.P. 16. Plaintiff David Thayer appeared *pro se* by telephone. Defendants appeared through counsel Matthew L. Shoger by telephone].[1]

Following is a brief summary of the nature of the case:

Plaintiff alleges violations of his constitutional rights, federal statutory rights, and Kansas law in relation to his exercise of religion during his commitment to the Sexual Predator Treatment Program ("SPTP") in Larned, Kansas. Plaintiff proceeds under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), and Kansas statutory law. The plaintiff seeks monetary damages against the defendants in their personal capacities for the alleged violations of § 1983 and Kansas statutory law. Plaintiff also seeks and injunctive relief. Jurisdiction is claimed under 28 U.S.C. §§ 1331 and 1343.

Defendants have denied Plaintiff's claims both concerning the facts alleged and for failure to state a claim. The Defendants assert that the doctrine of qualified immunity bars recovery against them in their personal capacities. Some of the official capacity

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

claims—which are limited to prospective equitable relief under the Eleventh Amendment—are moot. Defendants also dispute (1) that RLUIPA applies to the SPTP and (2) that a private cause of action exists under Kansas statutory law. They further maintain that the Court lacks subject matter jurisdiction over the state law claim.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS ||
| --- | --- |
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **January 27, 2023** |
| Defendant's settlement counter-proposal | **February 17, 2023** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **March 10, 2023** |
| Motions to amend | **March 10, 2023** |
| Mediation completed | **T/B/D** |
| Experts disclosed | **None** |
| Physical and mental examinations | **N/A** |
| Supplementation of initial disclosures | **40 days before the deadline for completing all discovery** |
| All discovery completed | **May 19, 2023** |
| Proposed pretrial order due | **June 15, 2023** |
| Pretrial conference | **June 22, 2023, 2:00 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **July 14, 2023** |
| Motions challenging admissibility of expert testimony | **N/A** |
| Trial — ETT 2 days | **April 2, 2024** |

1.  **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement[potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **January 27, 2023**. Defendant must make a good-faith counter-proposal by **February 17, 2023**. By **March 10, 2023**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (2) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at

*ksd_gale_chambers@ksd.uscourts.gov.*

These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. The court will decide whether to require the parties to participate in mediation (or another ADR process) after receiving their confidential settlement reports.

Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website:

*http://www.ksd.uscourts.gov/adr-report/.*

**2.     Discovery.**

    **a.**     The parties already served Fed.R.Civ.P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damage computations, and insurance coverage.  Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed.R.Civ.P. 26(e).  In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up written discovery before the time allowed for discovery expires.  If a party includes witnesses or other information in its final Fed.R.Civ.P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, that party presumptively will be precluded from offering the witness's testimony or other information into evidence under Fed.R.Civ.P. 37(c)(1).

    **b.**     All discovery must be commenced or served in time to be completed by **May 19, 2023**.

    **c.**     The parties agree that principles of comparative fault do not apply.

    **d.**     The parties do not believe that there will be expert testimony in this case.

    **e.**     The parties agree that physical or mental examinations pursuant Fed.R.Civ.P. 35 are not appropriate in this case.

**f.** The court considered the following discovery problem(s) raised by one or more of the parties: None.

**g.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> To the extent that ESI discovery is sought and is found proper by agreement of the parties or order of the Court, the parties agree that all information produced by either party shall initially be produced, where practicable, in bates stamped pdf format. In the event either party wishes to discover ESI associated with a paper document, the party will notify the other party in writing and identify the specific document(s) by bates-number(s). The party requesting the ESI will also identify the nature of the ESI it is seeking and the format and media in which it would like the ESI produced. The parties will then confer in good faith regarding the availability of the requested ESI and any expenses associated with the production of such information. If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence or nonexistence of such information. The parties reserve the right to request metadata for material produced from an ESI source.

**h.** No party may serve more than **30** interrogatories, including all discrete subparts, on any other party.

**i.** No more than **5** depositions may be taken by plaintiff, and no more than **5** depositions may be taken by all defendants. Each deposition must be limited to **7** hours. All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**j.** The parties do not consent to electronic service of disclosures and discovery requests and responses. *See* Fed.R.Civ.P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

**k.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and

inexpensive" manner mandated by Fed.R.Civ.P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed.R.Civ.P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.    Motions**

   **a.**    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **March 10, 2023**.

   **b.**    All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **July 14, 2023**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

   **c.**    Compliance with Fed.R.Civ.P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

   *http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

  **d.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed.R.Civ.P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.

  **e.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed.R.Civ.P. 29; D. Kan. Rule 6.1(a).

  **f.** The arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent a court order.  *See* D. Kan. Rule 7.1(e).

**4.** **Pretrial Conference, Trial, and Other Matters.**

  **a.** Pursuant to Fed.R.Civ.P. 16(a), a pretrial conference is scheduled for **June 22, 2023, at 2:00 p.m.** by telephone conference call (888-363-4749; access code 5407703). No later than **June 15, 2023**, defense counsel must submit the parties' proposed pretrial

order in Word format as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**b.** The parties expect the non-jury trial of this case to take approximately **2** trial days. This case is set for trial beginning on **April 2, 2024, at 9:00 a.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated January 17, 2023, at Wichita, Kansas.

/s KENNETH G. GALE_____
U.S. Magistrate Judge