**EXHIBIT H**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL R. CHUBB[1] and DAVID W. THAYER,
          Plaintiff,

v.                                          Case No. 6:19-CV-01343

LAURA HOWARD, et. al.,
          Defendants.

## DEFENDANTS FIRST SET OF
## INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, defendants propound the following interrogatories to plaintiffs to be answered fully and under oath within thirty (30) days after service.

## DEFINITIONS AND INSTRUCTIONS

As used in these interrogatories, the terms listed below are defined as follows:

"Plaintiffs" means David W. Thayer.

"Defendants" means Laura Howard, Lesia Dipman, Jeff Brown, Haleigh Bennett, and Linda Kidd.

"Defendant" means the separate Defendants.

"You" means Plaintiff and all agents, representatives, attorneys, etc. of Plaintiff.

"Constitute, describe or report" is frequently used in connection with a request for identification of documents and categories of documents. The phrase is intended to have a broad meaning. The phrase includes not only documents that constitute the documents or a verbatim description or report of the same, but also includes those documents which contain a summary, critique or analysis of the information in the requested documents or categories of documents.

"Document" means writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – including electronically stored information, stored in any medium

from which information can be obtained either directly or, if necessary, after translation you into a reasonably usable form.

"Person" includes natural persons, governments (or agencies thereof), quasi – public entities, corporations, partnerships, ventures and all other forms of organizations or associations.

"Smudging" means the ritual of sage burning of sage described in Your Complaint ***.

Sweat Lodge ceremony means the ritual or ceremony described in Your Complaint at ***.

"congregate religious services" means

"Identify" means, with respect to an individual person, to set forth that individual's full name and, on the first occasion that such individual is identified, the following information:

• Present home address;
• Present home telephone number;
• Present business address;

---

[1] Dismissed.1

- Present business telephone number; and
- Present employer.

"Identify" means, with respect to any entity other than an individual person, to set forth the full name or title of the entity and, on the first occasion that such entity is identified, to state the address and principal business or activity of such entity.

"Identify" means, with respect to a document, to set forth the following information:

- Description of the document;
- The nature of the document (e.g., letter, memorandum or report);
- The date the document bears or, if undated, the date it was written or prepared; and
- The present location and custodian of the document, or, if unknown, the last known location and custodian of the document.

However, if already produced or to be produced in response to defendants' requests for production, document(s) should be identified, in lieu of other identifying information, by (a) the description of the document and (b) its present location and custodian.

In the event any interrogatory, in whole or in part, is objected to, please state the legal basis, including, but not limited to, any legal objection or privilege for withholding the information sought. If any information is withheld under claim of privilege, state the privilege invoked and identify the subject matter (without disclosure of its contents) of the information withheld sufficient to allow its description to the Court for ruling thereon.

These interrogatories are intended to be continuing and, therefore, the answers you supply should be corrected or supplemented as required by Fed. R. Civ. P. 26(e).

Respectfully Submitted,
OFFICE OF KANSAS ATTORNEY
GENERAL DEREK SCHMIDT
/s/ Arthur S. Chalmers
Arthur S. Chalmers, KS No. 11088
Assistant Attorney General
120 SW 10th Avenue, 3rd Floor
Topeka, KS 66612-1597
(785) 296-2215 Office Phone
(785) 368-6244 Direct Line
(785) 291-3707 Fax
Email:        art.chalmers@ag.ks.gov
and
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
(785) 296-2215 Office Phone
(785) 368-6244 Direct Line
(785) 291-3767 Fax
Email: matt.shoger@ag.ks.gov

*Attorneys for the Defendants*

INTERROGATORY NO. 1 (Regarding denial of religious meals)
Separately for each Defendant:

(a)     List the date or dates that Plaintiff was that denied, deprived or had his rights limited by the Defendant to a religious meal (an "incident");
(b)     Separately state the principal and material facts supporting your allegations and that correspond to the listed date or dates; and
(c)     Separately for each incident, identify (1) all persons with personnel knowledge of some or all such facts (stating for each such person the subjects of their personnel knowledge) and (2) all documents or tangible things that constitute, describe or report such facts (excluding documents prepared at the direction of or by your counsel).
          Thus, your answers should read, separately for each Defendant, each incident, and each date.

          On (date), [defendant, e.g. Dipman or other defendant] [principal and material facts] to deny, deprive or limit Plaintiffs' right regarding religious meals. The witnesses to this are [identify] and the documents or tangible things are [identify].

ANSWER:
**INTERROGATORY NO. 1 (Regarding denial of religious meals)**
(a) Dates that Plaintiff was impacted by the denial of (traditional) religious meals. The dates are as follows.
1.  3/23/2018, 3rd Friday in March (Changing of the Seasons from Winter to Spring).
    1.  3/3/2022 (Independent traditional tribal meal cancelled)(Independent Tribal call-out) (cancelled). (Covid-19 Phase C);

2.  3rd Friday in June (Changing of the seasons from Spring to Summer).
    1.  6/2020 (Independent traditional tribal meal cancelled);
    2.  6/2021 (Independent traditional tribal meal cancelled(Independent tribal call-out cancelled)(Covid-19 Phase C);
    3.  6/2022 (Independent traditional tribal meal cancelled).

3.  Labor Day in September celebrating the signing of the 1839 Cherokee constitution.
    1.  Labor Day weekend of 2020(Independent traditional tribal meal cancelled(Independent tribal call-out cancelled)(Covid-19 Phase B)
    2.  Labor Day weekend of 2021 was changed to 8/28-29/2021 to allow other (tribal call-outs time to have their religious meals during the month of late August and early September. (CANCELLED).(Independent traditional tribal meal cancelled)
    3.  Labor Day weekend of 2022(CANCELLED).(Independent traditional tribal meal cancelled)

4.  3rd Friday in September (Changing of seasons from Summer to Fall).
    1.  Changing of seasons from Summer to Fall of 2020 (Independent traditional tribal meal cancelled (Independent tribal call-out cancelled)(Covid-19 Phase B);
    2.  Changing of seasons from Summer to Fall of 2021 was (CANCELLED). (Independent traditional tribal meal cancelled)
    3.  Changing of seasons from Summer to Fall of 2022(CANCELLED).(Independent traditional tribal meal cancelled)

3

5. 4th Friday in September (traditionally).
    1. 4th Friday in September of 2020(Independent traditional tribal meal cancelled(Independent tribal call-out cancelled)(Covid-19 Phase B);
    2. 4th Friday in September 2021  (CANCELLED).(Independent traditional tribal meal cancelled)
    3. 4th Friday in September of 2022, (Independent traditional tribal meal cancelled)

6. 1st Moon in October (celebration of (tribal) new year. (Traditionally celebrated with fruits from the previous fall harvest.)
    1. 1st Moon in October of 2020 (Independent traditional tribal meal cancelled (Independent tribal call-out cancelled)(Covid-19 Phase C);
    2. 1st Moon in October of 2021,  (CANCELLED).(Independent traditional tribal meal cancelled)
    3. 1st Moon in October of 2022, (Independent traditional tribal meal cancelled)

7. Cementation Ceremony practiced (10) ten days after the 1st Moon ceremony celebrating the bend between the creator and the people.
    1. Cementation Ceremony of 2020 (Independent traditional tribal meal cancelled (Independent tribal call-out cancelled)(Covid-19 Phase C);
    2. Cementation Ceremony of 2021,  (CANCELLED).(Independent traditional tribal meal cancelled)
    3. Cementation Ceremony of 2022, (Independent traditional tribal meal cancelled)

8. 3rd Friday of December (Changing of the seasons from Fall to Winter).
    1. 3rd Friday of December of 2020(Independent traditional tribal meal cancelled (Independent tribal call-out cancelled)(Covid-19 Phase A);
    2. 3rd Friday of December of 2021,  (CANCELLED).(Independent traditional tribal meal cancelled)
    3. 3rd Friday of December of 2022, (Independent traditional tribal meal cancelled)


**INTERROGATORY NO. 1 (Regarding denial of religious meals)**
 **(b)**
1.
    1. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC found on administration server only as accessed by SPTP/ LSH staff.
    2. (DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC found on administration server only as accessed by SPTP/ LSH staff.
2.
    1. (Covid-19 Phase B) (Doc 2020-06-035); (Covid-19 Phase C) (Doc 2020-06-037);
    2. (DOC # not provided to resident computer by SPTP/L.S.H. Administration); and
    3. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).

3.
    1. (Covid-19 Phase B); (DOC 2020-09-056).
    2. (DOC # not provided to resident computer by SPTP/L.S.H. Administration), and
    3. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).
4

4.
1. (Covid-19 Phase B)(DOC 2020-09-056).
2. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).
3. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).

5.
1. (Covid-19 Phase B)(DOC 2020-09-056).
2. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).
3. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).

6.
1. (Covid-19 Phase C); (DOC 2020-10-062);
2. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).
3. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).

7.
1. (Covid-19 Phase C); (DOC 2020-10-062).
2. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).
3. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).

8.
1. (Covid-19 Phase A); (DOC 2020-11-077).
2. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).
3. (DOC # not provided to resident computer by SPTP/L.S.H. Administration).


## INTERROGATORY NO. 1 (Regarding denial of religious meals)
**(c)**

1. Lesia Dipman (L/S/H/ Director) has foreknown knowledge in the denial of providing the PLAINTIFF the (Traditional Tribal religious meals as was provided in the past as her position places her in control of the (Food Service Company) that is upon the L.S.H. Grounds.

2. Tonya Taylor (SPTP Program Administer Director) was appointed to he position January 2nd 2020 and resigned her position in December 2020 to work at the K.D.O.C. During her tenor as SPTP P.A.D., she had foreknown knowledge of each incident  between February 2020 and December 2020 as her signature appears on the 2020 (memo)'s. (She had knowledge of items listed as #1 through #8 above).

3. Haleigh Bennett (SPTP Program assistant director) took over as (Interim SPTP Program Administer Director ) until the new (SPTP Program Administer Director (Gabriel Rop) was appointed. During Haleigh Bennett's tenor within the administrative office, she had foreknown knowledge of each incident as her position placed her in direct communication and direct contact with Tonya Taylor, as well as in the position of directing others within SPTP administration positions on how to conduct religious practices and cancellations of call-outs. (She has/had knowledge of all items listed.)

4. Linda Kidd as her position within the hierarchy of the administration office places her in direct contact daily and in direct communication of such daily topics communicated between herself, Tonya Taylor and Haleigh Bennett. (Linda Kidd schedules all call-outs.)

5

INTERROGATORY NO. 2 (Regarding denial of us of pipe or tobacco in prayer)
Separately for each Defendant:
(a)      List the date or dates that Plaintiff was that denied, deprived or had his rights limited by the Defendant to use of pipe or tobacco in prayer (an "incident");
(b)      Separately state the principal and material facts supporting your allegations and that correspond to the listed date or dates; and
(c)      Separately for each incident, identify (1) all persons with personnel knowledge of some or all such facts (stating for each such person the subjects of their personnel knowledge) and (2) all documents or tangible things that constitute, describe or report such facts (excluding documents prepared at the direction of or by your counsel).

> Thus, your answers should read, separately for each Defendant, each incident, and each date: On [date], [defendant, e.g. Dipman or other defendant] [principal and material facts] to deny, deprive or limit Plaintiff's right regarding use of pipe or tobacco in prayer. The witnesses to this are [identify] and the documents or tangible things are [identify].

ANSWER:
**INTERROGATORY NO. 2 (Regarding denial of us of pipe or tobacco in prayer)**
**(a)**
1. February 2020, (Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
2. March, 2020, (Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
3. April, 2020, (Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
4. May, 2020, (Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
5. June,2020, (Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
6. July,17 2020, (Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
7. August, 2020,(Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
8. September, 2020,(Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
9. October, 2020,(Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
10. Nov', 2020,(Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
11. December, 2020,(Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
12. January, 2021,(Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
13. February, 2021,(Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each Sunday due to Covid-19.
14. March, 2021, (Tribal ceremonial) (Individual) pipes had to be ordered by each participant, but were not allowed to use ceremonial pipe. Implemented after lawsuit filed.
15. April, 2021,(Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.
16. May 2021, (Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.

17. June, 2021, (Tribal ceremonial) Pipes taken by SPTP administration staff. Denial each weekend due to Covid-19.

18. August,29,2021 (Cancelled) due to short staff.

19. October,7,2021 (Cancelled) due to Covid-19

20. October,7,2021 (Cancelled) due to Covid-19

21. March 3,2022 Due to short staff.

22. July 2022, (Regarding denial of us of pipe or tobacco in prayer) due to county burn ban.

23. August 2022.(Regarding denial of us of pipe or tobacco in prayer) due to county burn ban

24. August,11,2022 (Cancelled)  due to Covid-19 in building brought in by staff. Quarantine to unit because of staff coming in contact with an infected family member at their home.

25. September 2022, (Regarding denial of us of pipe or tobacco in prayer) due to county burn ban.

**INTERROGATORY NO. 2 (Regarding denial of us of pipe or tobacco in prayer)**
**(b)**

1. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

2. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

3. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

4. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

5. (Covid-19 Phase B) (Doc 2020-06-035); (Covid-19 Phase C) (Doc 2020-06-037)

6. (Doc 2020-07-047) 7/17/2020

7. (Doc 2020-07-050) referencing back to (Covid-19 Phase C) (Doc 2020-06-037)

8. (Doc 2020-09-056) referencing to (Covid-19 Phase B)(DOC 2020-09-056) beginning 9/12/2022

9. (Doc 2020-10-062) referencing (Covid-19 Phase C)

10. (Doc 2020-11-077) referencing cancellation of call-outs. 11/17/2020

11. (#11 through #13 above) DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

12. (#14) is from memo dated 4/29/2021. DOC has no Doc # associated with it. This is abnormal. Signed by Tonya Taylor (SPTP Administrative Program Director). Also Doc # (2021-03-009) (Regarding Pipe and Drum)

13. (#15 through #24 above) DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail sent by Lesia Dipman and is found on administration server only as accessed by SPTP/ LSH staff.


**INTERROGATORY NO. 2 (Regarding denial of us of pipe or tobacco in prayer) (c).**

1. Tonya Taylor (SPTP Program Administer Director) was appointed to he position January 2nd 2020 and resigned her position in December 2020 to work at the K.D.O.C. During her tenor as SPTP P.A.D., she had foreknown knowledge of each incident  between February 2020 and December 2020 as her signature appears on the 2020 (memo)'s. (She had knowledge of items listed as #1 through 10 above).

2. Haleigh Bennett (SPTP Program assistant director) took over as (Interim SPTP Program Administer Director ) until the new (SPTP Program Administer Director (Gabriel Rop) was appointed. During Haleigh Bennett's tenor within the administrative office, she had foreknown knowledge of each incident as her position placed her in direct communication and direct contact with Lesia Dipman, as well as in the position of directing others within SPTP administration positions on how to conduct religious practices and cancellations of call-outs. (She has/had knowledge of all items listed.)

3. Linda Kidd as her position within the hierarchy of the administration office places her in direct contact daily and in direct communication of such daily topics communicated between herself, Tonya Taylor and Haleigh Bennett
    1. Linda Kidd schedules all call-outs and SPTP staff to cover such position.

4. Jeff Brown, Chaplin as he is responsible for providing (Tribal) participants the tobacco for Pipe, Drum, and smudging.

INTERROGATORY NO. 3 (Regarding denial of Smudging)
Separately for each Defendant:
(a)      List the date or dates that Plaintiff was that denied, deprived or had his rights limited by the
Defendant to Smudging (an "incident");
(b)      Separately state the principal and material facts supporting your allegations and that correspond
to the listed date or dates; and
(c)      Separately for each incident, identify (1) all persons with personnel knowledge of some or all
such facts (stating for each such person the subjects of their personnel knowledge) and (2) all
documents or tangible things that constitute, describe or report such facts (excluding documents
prepared at the direction of or by your counsel).
        Thus, your answers should read, separately for each Defendant, each incident, and each date:
        On [date], [defendant, e.g. Dipman or other defendant] [principal and material facts] to deny,
        deprive or limit Plaintiff's right regarding Smudging. The witnesses to this are [identify] and
        the documents or tangible things are [identify].
ANSWER:
**INTERROGATORY NO. 3 (Regarding denial of Smudging)**
        **(a)**

1.  March, 2020, (Regarding denial of Smudging). Denial each Sunday due to Covid-19.

2.  April, 2020, (Regarding denial of Smudging). Denial each Sunday due to Covid-19.

3.  May, 2020, (Regarding denial of Smudging). Denial each Sunday due to Covid-19.

4.  November,15, 2020,(Regarding denial of Smudging). Denial due to short staffing.

5.  August 29, 2021, (Regarding denial of Smudging) due to short staffing.

6.  October 7, 2021,  (Regarding denial of Smudging) due to short staffing.

7.  March 3, 2022, (Regarding denial of Smudging) due to short staffing.

8.  July 2022, (Regarding denial of Smudging) due to county burn ban.

9.  August 2022.(Regarding denial of Smudging) due to county burn ban

10. September 2022, (Regarding denial of Smudging) due to county burn ban.

9

## INTERROGATORY NO. 3 (Regarding denial of Smudging)
### (b)

1. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

2. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

3. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

4. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

5. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

6. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

7. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

8. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

9. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

10. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.


## INTERROGATORY NO. 3 (Regarding denial of Smudging)
(c)

1. Tonya Taylor (SPTP Program Administer Director) was appointed to the position January 2nd 2020 and resigned her position in December 2020 to work at the K.D.O.C. During her tenor as SPTP (P.A.D.), she had foreknown knowledge of each incident between February 2020 and December 2020 as her signature appears on the 2020 (memo)'s. (She had knowledge of items listed as #1 through #3 above).

2. Haleigh Bennett (SPTP Program assistant director) took over as (Interim SPTP Program Administer Director ) until the new (SPTP Program Administer Director (Gabriel Rop) was appointed. During Haleigh Bennett's tenor within the administrative office, she had foreknown knowledge of each incident as her position placed her in direct communication and direct contact with Lesia Dipman, as well as in the position of directing others within SPTP administration positions on how to conduct religious practices and cancellations of call-outs.

3. Linda Kidd as her position within the hierarchy of the administration office places her in direct contact daily and in direct communication of such daily topics communicated between herself, Tonya Taylor and Haleigh Bennett
   1. Linda Kidd schedules all call-outs and SPTP staff to cover such position.

INTERROGATORY NO. 4 (Regarding denial of Sweat Lodge ceremony)
Separately for each Defendant:
(a)    List the date or dates that Plaintiff was that denied, deprived or had his rights limited by the Defendant to Sweat Lodge Ceremony. (an "incident");
(b)    Separately state the principal and material facts supporting your allegations and that correspond to the listed date or dates; and
(c)    Separately for each incident, identify (1) all persons with personnel knowledge of some or all such facts (stating for each such person the subjects of their personnel knowledge) and (2) all documents or tangible things that constitute, describe or report such facts (excluding documents prepared at the direction of or by your counsel).
    Thus, your answers should read, separately for each Defendant, each incident, and each date:
    On [date], [defendant, e.g. Dipman or other defendant] [principal and material facts] to deny, deprive or limit Plaintiff's right regarding Smudging. The witnesses to this are [identify] and the documents or tangible things are [identify].
ANSWER:
**INTERROGATORY NO. 4 (Regarding denial of Sweat Lodge ceremony)**
**(a)**
1. February 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.
2. March 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman . Denial 3rd weekend due to Covid-19.
3. April 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.
4. May 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.
5. June 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.
6. July 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.
7. August 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.

8.  Sept' 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.
9.  October 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.
10. Nov' 2020, (Cancelled) by SPTP Tonya Taylor and Lesia Dipman. Denial 3rd weekend due to Covid-19.
11. December 2020, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
12. January 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
13. February 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
14. March 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
15. April 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
16. May 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.

17. June2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
18. July 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
19. August 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
20. September 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
21. October2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
22. November 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
23. December 2021, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
24. January 2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
25. February 2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
26. March 2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
27. April 2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
28. May 2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
29. June2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
30. July 2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.
31. August 2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.

32. September 2022, (Cancelled) by SPTP Haleigh Bennett and Lesia Dipman. Denial 3rd weekend due to Covid-19.

33. October 2022, (Cancelled) by L/S/H Lesia Dipman. Denial 3rd weekend due to Covid-19.

34. November 2022, (Cancelled) by L/S/H Lesia Dipman. Denial 3rd weekend due to Covid-19.

35. December 2022, (Cancelled) by L/S/H Lesia Dipman. Denial 3rd weekend due to Covid-19.

## INTERROGATORY NO. 4 (Regarding denial of Sweat Lodge ceremony)
**(b)**

1. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

2. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

3. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

4. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

5. (Covid-19 Phase B) (Doc 2020-06-035); (Covid-19 Phase C) (Doc 2020-06-037)

6. (Doc 2020-07-047) 7/17/2020

7. (Doc 2020-07-050) referencing back to (Covid-19 Phase C) (Doc 2020-06-037)

8. (Doc 2020-09-056) referencing to (Covid-19 Phase B)(DOC 2020-09-056) beginning 9/12/2022

9. (Doc 2020-10-062) referencing (Covid-19 Phase C)

10. (Doc 2020-11-077) referencing cancellation of call-outs. 11/17/2020

11. (#11 through #13 above) DOC # not provided to resident computer by SPTP/ L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

12. (#14) is from memo dated 4/29/2021. DOC has no Doc # associated with it. This is abnormal. Signed by Tonya Taylor (SPTP Administrative Program Director).

13. (#15 through #32 above) DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail sent by L/S/H/ Lesia Dipman, forwarded by Haleigh Bennett and found on administration server only as accessed by SPTP/ LSH staff.

14. (#33 through #35 above) DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail sent by L/S/H Lesia Dipman, found on administration server only as accessed by SPTP/ LSH staff.


**INTERROGATORY NO. 4 (Regarding denial of Sweat Lodge ceremony) (c)**

1. Tonya Taylor (SPTP Program Administer Director) was appointed to he position January 2nd 2020 and resigned her position in December 2020 to work at the K.D.O.C. During her tenor as SPTP P.A.D., she had foreknown knowledge of each incident  between February 2020 and December 2020 as her signature appears on the 2020 (memo)'s. (She had knowledge of items listed as #1 through 10 above).

2. Haleigh Bennett (SPTP Program assistant director) took over as (Interim SPTP Program Administer Director ) until the new (SPTP Program Administer Director (Gabriel Rop) was appointed. During Haleigh Bennett's tenor within the administrative office, she had foreknown knowledge of each incident as her position placed her in direct communication and direct contact with Lesia Dipman, as well as in the position of directing others within SPTP administration positions on how to conduct religious practices and cancellations of call-outs. (She has/had knowledge of all items listed.)

3. Linda Kidd as her position within the hierarchy of the administration office places her in direct contact daily and in direct communication of such daily topics communicated between herself, Tonya Taylor and Haleigh Bennett
    1. Linda Kidd schedules all call-outs and SPTP staff to cover such position.

4. Jeff Brown, Chaplin as he is responsible for providing (Tribal) participants the tobacco for Pipe, Drum, and smudging.

14

INTERROGATORY NO. 5 (Regarding denial of Drum ceremony)
Separately for each Defendant:
(a)      List the date or dates that Plaintiff was that denied, deprived or had his rights limited by the Defendant to Drum ceremony (an "incident");
(b)      Separately state the principal and material facts supporting your allegations and that correspond to the listed date or dates; and
(c)      Separately for each incident, identify (1) all persons with personnel knowledge of some or all such facts (stating for each such person the subjects of their personnel knowledge) and (2) all documents or tangible things that constitute, describe or report such facts (excluding documents prepared at the direction of or by your counsel).

> Thus, your answers should read, separately for each Defendant, each incident, and each date: On [date], [defendant, e.g. Dipman or other defendant] [principal and material facts] to deny, deprive or limit Plaintiff's right regarding Smudging. The witnesses to this are [identify] and the documents or tangible things are [identify].

ANSWER:
**INTERROGATORY NO. 5 (Regarding denial of Drum ceremony)**
**(a)**
1. Same as (Pipe) listed in INTERROGATORY NO. 2 (Regarding denial of us of pipe or tobacco in prayer). (Ceremony is (pipe **and** Drum))**.**


**INTERROGATORY NO. 5 (Regarding denial of Drum ceremony)**
**(b)**
1. Same as (Pipe) listed in INTERROGATORY NO. 2 (Regarding denial of us of pipe or tobacco in prayer). (Ceremony is (pipe and Drum)).


**INTERROGATORY NO. 5 (Regarding denial of Drum ceremony)**
**(c)**

1. Same as (Pipe) listed in INTERROGATORY NO. 2 (Regarding denial of us of pipe or tobacco in prayer). (Ceremony is (pipe and Drum)).

**15**

INTERROGATORY NO. 6 (Regarding denial of congregate religious services)
Separately for each Defendant:
(a)      List the date or dates that Plaintiff was that denied, deprived or had his rights limited by the
Defendant to congregate religious services (an "incident");
(b)      Separately state the principal and material facts supporting your allegations and that correspond
to the listed date or dates; and
(c)      Separately for each incident, identify (1) all persons with personnel knowledge of some or all
such facts (stating for each such person the subjects of their personnel knowledge) and (2) all
documents or tangible things that constitute, describe or report such facts (excluding documents
prepared at the direction of or by your counsel).
      Thus, your answers should read, separately for each Defendant, each incident, and each date:
      On [date], [defendant, e.g. Dipman or other defendant] [principal and material facts] to deny,
      deprive or limit Plaintiff's right regarding Smudging. The witnesses to this are [identify] and
      the documents or tangible things are [identify].
ANSWER:

**INTERROGATORY NO. 6 (Regarding denial of congregate religious services)**
**(a)**

1. March, 2020, (Regarding denial of Smudging). Denial each Sunday due to Covid-19.

2. April, 2020, (Regarding denial of Smudging). Denial each Sunday due to Covid-19.

3. May, 2020, (Regarding denial of Smudging). Denial each Sunday due to Covid-19.

4. November,15, 2020,(Regarding denial of Smudging). Denial due to short staffing.

5. August 29, 2021, (Regarding denial of Smudging) due to short staffing.

6. October 7, 2021,  (Regarding denial of Smudging) due to short staffing.

7. March 3, 2022, (Regarding denial of Smudging) due to short staffing.

8. July 2022, (Regarding denial of Smudging) due to county burn ban.

9. August 2022.(Regarding denial of Smudging) due to county burn ban

10. September 2022, (Regarding denial of Smudging) due to county burn ban.

**INTERROGATORY NO. 6 (Regarding denial of congregate religious services)**
**(b)**

1. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found
   on administration server only as accessed by SPTP/ LSH staff.

2. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found
   on administration server only as accessed by SPTP/ LSH staff.

3. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found
   on administration server only as accessed by SPTP/ LSH staff.

4. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

5. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

6. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

7. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

8. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

9. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

10. DOC # not provided to resident computer by SPTP/L.S.H. Administration). DOC E-mail found on administration server only as accessed by SPTP/ LSH staff.

**INTERROGATORY NO. 6 (Regarding denial of congregate religious services) (c)**

1. Tonya Taylor (SPTP Program Administer Director) was appointed to the position January 2nd 2020 and resigned her position in December 2020 to work at the K.D.O.C. During her tenor as SPTP (P.A.D.), she had foreknown knowledge of each incident between February 2020 and December 2020 as her signature appears on the 2020 (memo)'s. (She had knowledge of items listed as #1 through #3 above).

2. Haleigh Bennett (SPTP Program assistant director) took over as (Interim SPTP Program Administer Director ) until the new (SPTP Program Administer Director (Gabriel Rop) was appointed. During Haleigh Bennett's tenor within the administrative office, she had foreknown knowledge of each incident as her position placed her in direct communication and direct contact with Lesia Dipman, as well as in the position of directing others within SPTP administration positions on how to conduct religious practices and cancellations of call-outs.

3. Linda Kidd as her position within the hierarchy of the administration office places her in direct contact daily and in direct communication of such daily topics communicated between herself, Tonya Taylor and Haleigh Bennett
    1. Linda Kidd schedules all call-outs and SPTP staff to cover such position.

17

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of December 2022, a copy of the foregoing DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF was mailed, postage pre–paid, by regular first–class United States mail to:

Arthur D. Chalmers #11088
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka Kansas 66612-1597
(Copy)


and the (original) was mailed to:
KENNETH G. GALE
United States Magistrate Judge
United States District Court
401 N. Market
Wichita Kansas 67202
(Original)

David W. Thayer
Larned State Hospital
Dillon Bldg.
1301 K264 Hwy.
Larned Kansas 67550-5353
Plaintiff, Pro Se.