IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID W. THAYER, | ) |
| | ) |
|               **Plaintiff,** | ) |
| | ) |
| v. | )   Case. No. 22-3086-DDC |
| | ) |
| LAURA HOWARD, *et al.*, | ) |
| | ) |
|               **Defendants.** | ) |
| | ) |

**NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendants submit this notice under D. Kan. Rule 7.1(f) to provide recent, persuasive, supplemental authorities in addition to those in their Memorandum in Support of their Motion for Summary Judgment (Doc. 49). A related case, *Mallard v. Howard*, No. 22-4053-EFM, 2024 WL 726983 (D. Kan. Feb. 22, 2024), addresses many similar facts and legal issues. The Court found that Larned State Hospital's current practices with regard to smudging, sweat lodge ceremonies, pipe & drum ceremonies, religious feasts, and healing and passing ceremonies, including practices with regard to burn bans and extreme weather, do not substantially burden Native American religious practices by SPTP residents at LSH. The Court found no violation of RLUIPA or Section 1983 and declined to issue the declaratory and injunctive relief requested by the plaintiff. *Mallard* supports Defendants' similar arguments in this case. (Doc. 49 at 31-39.)

In *McCoy v. Aramark Correctional Services, LLC*, No. 21-3269-TC, 2024 WL 663521, at *6 (D. Kan. Feb. 16, 2024), an inmate plaintiff claimed the First Amendment entitled him to certain meal items of religious significance free of charge. The Court held that "[t]his right likely does not exist, and certainly is not clearly established, so qualified immunity requires dismissal." *Id.* Here, Thayer claims entitlement to double portions of food free of charge. (Doc. 45 at 9.) As in *Mallard*, the lack of a desired menu is not a substantial burden. (*See* Doc. 49 at 32, 36-37.) As

in *McCoy*, the right to a desired menu likely does not exist, and certainly is not clearly established. (*See* Doc. 49 at 34-39.)

In *Cox v. Zmuda*, No. 22-3154-JWB, 2023 WL 7279337, at *7 (D. Kan. Nov. 3, 2023), an inmate plaintiff complained of a lack of out-of-cell exercise due to low staffing. The Court found qualified immunity applied, noting that case law indicates that "correctional facilities may enact temporary restrictions that infringe on an inmate's rights when staffing shortages cause safety concerns" in order to protect government interests "such as maintaining security at a correctional facility." *Id.* This supports Defendants' arguments regarding low staffing. (*See* Doc. 49 at 34-36 & n.8.)

                                        Respectfully submitted,

                                        K<small>RIS</small> W. K<small>OBACH</small>
                                        A<small>TTORNEY</small> G<small>ENERAL OF</small> K<small>ANSAS</small>

                                        */s/ Matthew L. Shoger*
                                        Matthew L. Shoger, KS No. 28151
                                        Assistant Attorney General
                                        Office of the Attorney General
                                        120 SW 10th Ave., 2nd Floor
                                        Topeka, Kansas 66612-1597
                                        matt.shoger@ag.ks.gov
                                        (785) 296-2215
                                        Fax: (785) 291-3767
                                        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy served by means of first-class mail, postage prepaid, addressed to:

David W. Thayer
Larned State Hospital
Dillon Building East One
1301 KS Highway 264
Larned, KS 67550
*Plaintiff, pro se*

                                                    */s/ Matthew L. Shoger*
                                                    Matthew L. Shoger
                                                    Assistant Attorney General